UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM KERRANE and
CATHERINE KERRANE,

      Plaintiffs,

v.                                         Case No.: 8:25-cv-02091-JLB-AAS

FEDERAL EMERGENCY
MANAGEMENT AGENCY;
FEDERAL INSURANCE AND
MITIGATION ADMINISTRATION;
and NATIONAL FLOOD INSURANCE
PROGRAM; AND STANDARD FLOOD
INSURANCE POLICY,

      Defendants.
_____/

## ORDER

Plaintiffs William Kerrane and Catherine Kerrane (collectively, the plaintiffs) move for a clerk's default against Defendants Federal Emergency Management Agency (FEMA), Federal Insurance and Mitigation Administration, National Flood Insurance Program, Standard Flood Insurance Policy (collectively, Defendant Government Entities). (Doc. 17).

The Federal Rules of Civil Procedure provide for the entry of a clerk's default if a defendant fails to timely respond to a complaint seeking affirmative relief. Fed. R. Civ. P. 55(a). If, however, the plaintiffs failed to properly serve

1

the defendants with process, then the plaintiffs are not entitled to the entry of a default despite the defendants' failure to timely respond. *See Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) ("While Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by Plaintiffs that they properly effectuated service of process, an entry of default by the Clerk is not appropriate against Defendant." (internal citation omitted)). When requesting a default, the plaintiff bears the burden of establishing proper service of process. *Onpower*, 2016 WL 9049315, at *1.

The plaintiffs served each of Defendant Government Entities by serving "Denise Maysonet as Attorney for FEMA." (*See* Doc. 17-1). Federal Rule of Civil Procedure 4(i)(2) governs service of process in cases in which a plaintiff sues a United States agency or a United States officer in his or her official capacity. In such cases, the plaintiffs must (1) serve the United States and (2) "send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee" being sued. Fed. R. Civ. P. 4(i)(2). The plaintiffs failed to comply with either requirement.

To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical

>> employee whom the United States attorney designates in a writing filed with the court clerk—or
>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Nothing in the record indicates the plaintiffs served the Defendant Government Entities under Rule 4(i)(1), as required by Rule 4(i)(2). This is sufficient to deny the plaintiff's motion. *See McGinnis v. Atlanta VBA Reg'l Off.*, No. 1:18-CV-762-SCJ, 2018 WL 7075145, at *1 (N.D. Ga. Nov. 15, 2018) (denying motion for clerk's entry of default where the plaintiff had not established he served the United States).

The plaintiffs also did not comply with the second requirement of Rule 4(i)(2). Service by certified mail requires the addressee or his authorized agent to sign the return receipt. *See Fuqua v. Turner*, 996 F.3d 1140, 1155 (11th Cir. 2021) ("Certified mail is mail for which the sender requests proof of delivery in the form of a receipt signed by the addressee."). The plaintiffs have thus failed to effect service of process. Without proof of proper service, the court lacks jurisdiction over Defendant Government Entities, and the requirement that Defendant Government Entities respond to the complaint has not been

3

triggered. *McGinnis*, 2018 WL 7075145, at *1 (explaining that the requirement that the defendant respond to the complaint is not triggered when the plaintiff fails to comply with Rule 4).

Accordingly, the plaintiffs' motion for entry of clerk's default (Doc. 17) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on October 2, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge